JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
IRINA AGUROK

**DEFENDANTS**
PL PHASE ONE OPERATIONS GP, INC., et al.

(b) County of Residence of First Listed Plaintiff  Philadelphia, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Philadelphia, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006 215-364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☒ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 201 et seq.
Brief description of cause:
A claim brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE

DOCKET NUMBER

DATE
5/5/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Road, Suite A Huntingdon Valley, PA 19006

Address of Defendant: 3601 South Broad Street, Philadelphia, Pennsylvania, 19148

Place of Accident, Incident or Transaction: Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐     No☒

Does this case involve multidistrict litigation possibilities?     Yes☐     No☒

*RELATED CASE, IF ANY:*

Case Number: _____     Judge _____     Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

    Yes☐     No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

    Yes☐     No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

    Yes☐     No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

    Yes☐     No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Eric Rayz, Esq. , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/5/14 _____     _____     87976

    Attorney-at-Law     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/5/14 _____     _____     87976

    Attorney-at-Law     Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| AGUROK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PL PHASE ONE OPERATIONS GP, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| | | |
|---|---|---|
| 5/5/14 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IRINA AGUROK, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PL PHASE ONE OPERATIONS GP, Inc. d/b/a XFINITY LIVE; PL PHASE ONE OPERATIONS LP d/b/a XFINITY LIVE; PL PHASE ONE INVESTORS, LP d/b/a XFINITY LIVE; CSLP PHASE ONE OPERATOR, LP d/b/a XFINITY LIVE;  PL PHASE ONE GP, INC.; CSLP PHASE ONE GP, LLC; and DOE DEFENDANTS 1-10,<br><br>Defendants. | Civil Action No.:<br><br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Irina Agurok ("Agurok" or "Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## INTRODUCTION

1.      This is class and collective action brought on behalf of Tipped Employees who work or have worked at the "dining and entertainment complex" in Pennsylvania operating under the trade name "Xfinity Live! Philadelphia" ("Xfinity Live").  Upon information and belief Xfinity Live is owned and operated and/or managed by Defendants PL Phase One Operations GP, Inc., PL Phase One Operations, LP, PL Phase One Investors, LP, CSLP Phase One Operator, LP, PL Phase One GP, Inc. and CSLP Phase One GP, LLC (collectively "Defendants" or "Xfinity").

2.      Within the Xfinity Live complex, there are a number of bars/restaurants, including the following establishments: "The Philly MarketPlace," the "Spectrum Grill," "Broad Street Bullies Pub," "PBR Bar and Grill," "Victory Beer Hall" and the "NBC Sports Arena."  Each of these locations employs waiters, waitresses, and bartenders (collectively, "Tipped Employees") who are subjected to Defendants' unlawful pay practices.

1

3.     As explained in detail below, Xfinity Live systematically and willfully denies its Tipped Employees all wages due and owing under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.,* and Pennsylvania common law.

4.     As set forth below, Xfinity Live violated the aforementioned laws by failing to satisfy the notice requirements of the tip credit provisions of the FLSA and PMWA; failing to ensure that Tipped Employees earn the mandated minimum wage when taking the tip credit; and requiring Tipped Employees to use their tips to reimburse Xfinity for cash shortages, in violation of federal and state law.

5.     By way of example, Defendants employed a practice whereby Tipped Employees were paid $2.83 per hour, regardless of the amount of tips received.  As set forth herein, this practice violates the provisions of the FLSA and PMWA, because an employee must be paid, at all times, at least the applicable minimum wage for each hour worked, and the employer bears the burden of ensuring that the employee received sufficient cash tips to make up the difference between the tip credit wage paid by the employer and the mandated minimum wage owed to the Tipped Employee.

6.     Further, Defendants required their Tipped Employees to forfeit a portion of their tips to cover cash shortages at the end of their shift.

7.     Due to Defendants' unlawful practices concerning gratuities, including their failure to properly inform Tipped Employees of Defendants' intention to utilize a "tip credit" and failing to guarantee that Tipped Employees earned sufficient tips to claim the tip credit, Defendants have improperly applied a "tip credit" against the wages paid to Plaintiff and current and former Tipped Employees, thus paying them less than the mandated minimum wage.

8.     As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

**SUMMARY OF CLAIMS**

9.     Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA" or the "Act").

10.     In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Tipped Employees who have worked for Defendants within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class").

11.     In addition, Plaintiff also brings this action as a state-wide class action to recover unpaid wages, including inappropriately withheld tips due to Defendants' policy of requiring Tipped Employees to cover cash shortages, pursuant to the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), the Pennsylvania Wage Payment Collection Law ("PWPCL"), and common law (collectively, the "PA State Laws").

12.     Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Tipped Employees who have worked for Defendants in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint (the "PA Class").

13.     The Nationwide Collective Class and the PA Class are hereafter collectively referred to as the "Classes."

14.     Plaintiff alleges on behalf of the Nationwide Collective Class that they are: (i) entitled to unpaid minimum wages from Defendant for hours worked for which Defendants failed to pay the mandatory minimum wage as required by law due to its failure to comply with all the requirements necessary to claim the tip credit; and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

15.     Plaintiff alleges on behalf of the PA Class that Defendants violated the PA State Laws by, *inter alia*: (i) failing to comply with the tip credit provisions, as required by law, consequently failing to pay them the appropriate minimum wages for all hours worked; and (ii) inappropriately withholding and/or deducting unlawful amounts from the gratuities of the PA Class.

16.     Plaintiff is unaware of the names and the capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this Complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants.  In engaging in the alleged conduct herein, defendants acted in the course, scope of, and in furtherance of the aforementioned relationship.  Accordingly, unless otherwise specified herein, Plaintiff will refer to all defendants collectively as "Defendants" and each allegation pertains to each of the defendants.

## PARTIES

17.     Plaintiff Irina Agurok ("Plaintiff") is a resident of the Commonwealth of Pennsylvania, who was employed by Defendants as a bartender/Tipped Employee in their Broad Street Bullies establishment from March 2012 through September 2013, who Defendants failed to compensate properly for all hours worked.

18.     Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a plaintiff in this action.  Her executed Consent To Sue form is attached hereto as Exhibit A.

19.     Defendant PL Phase One Operations GP, Inc. is the owner of, and does business under, the fictitious name of Xfinity Live! Philadelphia ("Xfinity Live").  As set forth in public filings with the Commonwealth of Pennsylvania, Xfinity Live's principal place of business is 3601 South Broad Street, Philadelphia, Pennsylvania, 19148.[1]  PL Phase One Operations GP, Inc. is a domestic corporation organized under the Pennsylvania Business Corporation Law of 1988 with a mailing address of 601 E Pratt Street, 6th Floor, Baltimore, Maryland.  PL Phase One Operations GP, Inc. is the general partner of Defendant PL Phase One Operations, LP.   At all relevant times during the statutory period covered by this Complaint, Defendant PL Phase One Operations GP, Inc. has transacted business within the Commonwealth of Pennsylvania, including within this district.

20.     Defendant PL Phase One Operations LP is the owner of, and does business under, the fictitious name of Xfinity Live! Philadelphia ("Xfinity Live").  As set forth in public filings with the

---

[1] The physical building address of Xfinity Live is 1100 Pattison Avenue, Philadelphia, PA.

Commonwealth of Pennsylvania, Xfinity Live is a fictitious name that is owned in part by PL Phase One Operations LP.  Moreover, PL Phase One Operations LP is listed as the licensee for the liquor license of Xfinity Live.  PL Phase One Operations LP lists its address as 1100 Pattison Ave, Philadelphia, PA in its filings with the Pennsylvania Liquor Control Board.  At all relevant times during the statutory period covered by this Complaint, Defendant PL Phase One Operations LP has transacted business within the Commonwealth of Pennsylvania, including within this district.

21.    Defendant PL Phase One Investors LP is the owner of, and does business under, the fictitious name of Xfinity Live! Philadelphia ("Xfinity Live").  As set forth in public filings with the Commonwealth of Pennsylvania, Xfinity Live is a fictitious name that is owned in part by PL Phase One Investors LP.   Upon information and belief, PL Phase One Investors maintains a mailing address of 601 E Pratt Street, 6th Floor, Baltimore, Maryland.  As set forth in public filings with the Commonwealth of Pennsylvania Defendant PL Phase One GP, Inc is the General Partner in PL Phase One Investors LP. Upon information and belief, PL Phase One Investors LP has transacted business within the Commonwealth of Pennsylvania, including within this district during the statutory period covered by this Complaint.

22.    Upon information and belief Defendant PL Phase One GP, Inc. is a domestic corporation organized under the Pennsylvania Business Corporation Law of 1988 with a mailing address of 601 E Pratt Street, 6th Floor, Baltimore, Maryland.  PL Phase One GP, Inc. is the general partner of Defendant PL Phase One Investors, LP.

23.    Defendant CSLP Phase One Operator, LP is the owner of, and does business under, the fictitious name of Xfinity Live! Philadelphia ("Xfinity Live").  As set forth in public filings with the Commonwealth of Pennsylvania, Xfinity Live is a fictitious name that is owned in part by CSLP Phase One Operator, LP.  As set forth in public filings with the Commonwealth of Pennsylvania, CSLP Phase One Operator, LP maintains a registered office at Wells Fargo Center, 3601 S. Broad Street, Philadelphia, PA.  Upon information and belief, CSLP Phase One Operator, LP has transacted business within the Commonwealth of Pennsylvania, including within this district during the statutory period covered by this

Complaint.

24.     Defendant CSLP Phase One GP, LLC is the General Partner of Defendant CSLP Phase One Operator, LP.  As set forth in public filings with the Commonwealth of Pennsylvania, CSLP Phase One GP, LLC maintains a registered office at Wells Fargo Center, 3601 S. Broad Street, Philadelphia, PA.  Upon information and belief, CSLP Phase One GP, LLC has transacted business within the Commonwealth of Pennsylvania, including within this district during the statutory period covered by this Complaint.

25.     Upon information and belief, Defendants are a single and joint employer with a high degree of interrelated and unified operations, sharing common officers with a common address.

## JURISDICTION AND VENUE

26.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

27.     Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

28.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

29.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

30.     The crux of the FLSA and PA State Laws is, *inter alia*,: (i) that all employees are entitled to be paid mandated minimum wages for all hours worked; and (ii) that all gratuities earned are the property of the employees.

31.     Contrary to these basic protections, Plaintiff and the members of the Classes were:  (i) deprived of the mandated minimum wage for all hours they worked; and (ii) forced to reimburse Defendants for its ordinary business expenses.

32.     Plaintiff and the members of the Classes are, or were, Tipped Employees employed by Defendants.

33.     Upon information and belief, although Xfinity Live contains several establishments, including, among others, "Broad Street Bullies Pub," "PBR Bar and Grill," "Victory Beer Hall," employing Tipped Employees.

34.     Despite the fact that these establishments operated under different trade names, all Tipped Employees worked under the same policies and procedures.

35.     For example, although Plaintiff worked at Broad Street Bullies, her W2 identified her employer as PL Phase One Operations LP.

36.     Plaintiff's typically worked one to two days per week, with her shift lasting anywhere from eight (8) to sixteen (16) hours depending on whether there was an event occurring at one of the nearby sports stadiums.  Plaintiff estimates that her average shift was approximately ten (10) hours.

37.     To the best of Plaintiff's recollection, she was paid by Defendants a straight $2.83 for each hour worked, regardless of the amount of tips she received from her customers, when she worked within Defendants' establishment.

**The Tip Credit Provision & Requirements**

38.     Rather than pay its Tipped Employees the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendants chose to take a tip credit and pay these employees less than the applicable minimum wage.

39.     Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than minimum wage provided that the employee's tips received from customers plus the tip credit paid by the employer equals at least the applicable minimum wage.[2]

---

[2] An employer is not relieved of their duty to pay an employee wages at least equal to the minimum wage by virtue of taking a tip credit or by virtue of the employee receiving tips from customers in an amount in excess of the applicable minimum wage.  That is, an employer in the restaurant industry must pay the employee wages at least equal to the minimum wage or equal to the minimum wage less the tip credit, provided the tips claimed exceed the tip credit.  Under no circumstances is the employer relieved of paying at least the minimum wage for all hours worked, regardless of how much an employee earns in

40.     According to the Department of Labor's ("DOL") Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15"):

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

41.     Pennsylvania mandates a higher minimum cash wage, requiring employers to pay at least $2.83 per hour.  Thus, under Pennsylvania law, the maximum tip credit is $4.45 per hour.  As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer must notify its employees of its intention to take the tip credit and must also inform its employees that all tips received by the employee are to be retained by the employee (except for those tips that are part of a valid tip pooling arrangement).

42.     Moreover, an employer must explicitly notify the employee as to the amount of the tip credit and inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of cash tips earned by the employee.

43.     An employer bears the burden of showing that it has satisfied the notification requirement of informing its employees that tips are being credited against the employee's hourly wage.[3]  If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

44.     Further, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference.  Stated another way, if a tipped employee earns less than $4.45 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.83 per hour), the employer must raise that tipped employee's hourly cash component above $2.83 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

---

tips.

[3] Courts have strictly construed this notification requirement.  Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

**Defendants' Failure to Notify Tipped Employees**

45.     As explained above, the DOL has very specific requirements regarding what an employer must notify his/her employee of if that employer intends to claim a tip credit.

46.     Rather than comply with the notification requirments set forth in Fact Sheet #15, Defendants chose to simply pay its Tipped Employees $2.83 per hour.  In short, Defendants failed to inform its Tipped Employees of (i) their intention to take the tip credit, (ii) the amount Defendants intended to claim as a tip credit, and (iii) that all tips are to retained by the Tipped Employee.

47.     The Third Circuit and district courts across the country have held that where an employer fails to satisfy any one of the notification requirements, that employer forfeits the tip credit and must pay the employee the full minimum wage.

**Defendants Failure To Ensure Tipped Employees Earned The Full Minimum Wage**

48.     Defendants made no efforts to comply with mandated requirements that employers must ensure that a tipped employee is earning at least the full minimum wage for every hour worked.  Instead, Defendants simply took the full tip credit, irrespective of how much a Tipped Employee earned in tips.

49.     During the course of Plaintiff's employ, there were numerous shifts worked by Plaintiff where, despite working a full shift (consisting of approximately ten hours), she earned little to no tips.

50.      Indeed, it was well known within Defendants' establishment that Tipped Employees who had to work early shifts or shifts during the week where there were no events occurring at the nearby stadiums earned very little in tips.

51.     As evidenced by a review on job seeking website, this was not an experience unique to Plaintiff:



See http://www.indeed.com/cmp/Pbr-Bar-and-Grill-in-Xfinity-Live/reviews, last accessed April 17, 2014.

52.     On these shifts whereby Plaintiff and Tipped Employees earned little to no tips, Defendants took no steps to ensure that Plaintiff earned sufficient tips so as to made the mandated minimum wage.

53.     Despite earning little to no tips during certain shifts, Defendants' computer system required Plaintiff and other Tipped Employees to claim 10% of their customers' gross receipts in tips, irrespective of how much they actually received in tips.[4]

54.     Consequently, Defendants wholly failed to ensure that Tipped Employees were earning at least the applicable minimum wage for every hour worked.

55.     Because Defendants have failed in to notify its Tipped Employees that they intended to claim the tip credit and failed to ensure Tipped Employees earned at least the applicable minimum wage for every hour worked, Plaintiff and the other Tipped Employees are owed the full minimum wage for every hour worked.

**Tipped Employees Did Not Keep All Tips**

56.     Both the FLSA and the PMWA provide that in order to be eligible for a tip credit, employers of tipped employees must either allow employees to keep all the gratuities that they receive, or

---

[4] Such a policy also appears to violate 43 P.S. 231.34(2), which requires the employer to maintain records containing the "Weekly or monthly amount *reported by the employee*, to the employer, of tips received." (Emphasis added).

forgo the tip credit and pay the employee the full hourly minimum wage.[5]

57.     Importantly, "[t]ips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA."  29 C.F.R. § 531.52.

58.     Defendants' Tipped Employees however have not retained all gratuities left by customers.

59.     Defendants engaged in a practice whereby they impermissibly offset ordinary business expenses by making improper deductions from Tipped Employees' compensation.

60.     Pursuant to Defendants' policies and guidelines, Plaintiff and the members of the Classes were required to reimburse Defendants for customer walk outs (where a customer leaves without paying their bill).  These reimbursements came from Tipped Employees' tips.

61.     As a result, Plaintiffs and Tipped Employees have been unlawfully deprived of their full gratuities due to Defendants' policy regarding walk outs, in violation of the FLSA and the PA State Laws.

62.      When cash registers come out short at the end of the night, Tipped Employees are required to reimburse Defendants for the loss.

63.     Due to the foregoing pay practices, including specifically requiring Tipped Employees to and pay for cash shortages, Defendants are effectively disqualified from taking the tip credit, and thus are obligated to pay Plaintiff and Tipped Employees the full minimum wage for every hour worked.

64.     Due to Defendants' practices Tipped Employees have been deprived of payments to which they are entitled.

65.     Defendants have been unjustly enriched to the detriment of the Classes by: (i) requiring Tipped Employees to reimburse Defendants for its business losses; and (ii) paying Tipped Employees less than the mandated minimum wage while failing to comply with the requirements for doing so.

66.     Evidence generally reflecting the number of uncompensated hours worked by Tipped Employees is in the possession of Defendants.

---

[5] In certain limited circumstances not at issue here, tipped employees are permitted to participate in a tip pool. *See* Fact Sheet #15.

67.     While Plaintiff is unable to state at this time the exact amount owed to the Classes, Plaintiff believes that such information will become available during the course of discovery.  Irrespective of the foregoing, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

## CLASS & COLLECTIVE ACTION ALLEGATIONS

68.     Plaintiff brings this action on behalf of the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b).  Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the PA Class for claims under the PA State Laws.

69.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).  The claims brought pursuant to the PA State Laws may be pursued by all similarly-situated persons who do not opt out of the PA Class pursuant to Fed.R.Civ.P. 23.

70.     Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over fifty individuals in each of the Classes.

71.     Defendants have acted or have refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

72.     The claims of Plaintiff are typical of the claims of the Classes she seeks to represent. Plaintiff and the members of the Classes work or have worked for Defendants and were subject to the same compensation policies and practices, including not being compensated for all hours worked.

73.     Common questions of law and fact exist as to the members of the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants were precluded from claiming the tip credit during the period encompassed by this Complaint;

(b)     whether Defendants have failed to pay minimum wages for each hour worked;

(c)     whether forcing the Tipped Employees to indemnify Defendants for their ordinary business losses due to walk outs is permissible;

(d)     whether Plaintiffs and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages; and

(e)     whether Plaintiffs and members of the Classes are entitled to restitution.

74.     Plaintiff will fairly and adequately protect the interests of the Classes as her interests are in alignment with those of the members of the Classes.  Plaintiff has no interests adverse to the Classes she seeks to represent, and has retained competent and experienced counsel.

75.     The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

76.     Plaintiff and the Classes she seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendants' pay practices.

77.     Defendants have violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of the PMWA.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
**(On Behalf of the Nationwide Collective Class)**

78.     Plaintiff, on behalf of herself and the Nationwide Collective Class, realleges and incorporate by reference the paragraphs above as if they were set forth again herein.

79.     At all relevant times, Defendants have had gross revenues in excess of $500,000.00.

80. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

81. At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the Nationwide Collective Class Members within the meaning of the FLSA.

82. Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the federally-mandated minimum wage, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage.

83. At relevant times in the period encompassed by this Complaint, Defendants have a willful policy and practice of requiring Tipped Employees to surrender a portion of their tips to Defendants to cover cash shortages.

84. At relevant times in the period encompassed by this Complaint, Defendants have a willful policy and practice of failing to satisfy the notification requirements in order for Defendants to claim the tip credit.

85. Further, at relevant times in the period encompassed by this Complaint, Defendants have a willful policy and practice of failing to ensure that Tipped Employees received sufficient cash tips so as to earn the mandated minimum wage for each hour worked.

86. As a result of the Defendants' willful practices, Defendants were not entitled to pay Plaintiff and the members of the Nationwide Collective Class less than the mandated minimum wage for all hours worked.

87. Defendants have violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

88. Due to Defendants' willful FLSA violations, Plaintiff, on behalf of herself and the members of the Nationwide Collective Class, is entitled to recover from the Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## PENNSYLVANIA MINIMUM WAGE ACT– MINIMUM WAGE VIOLATIONS
### (On Behalf of the PA Class)

89.     Plaintiff, on behalf of herself and the members of the PA Class, realleges and incorporate by reference the paragraphs above as if they were set forth again herein.

90.     At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the PA Class Members within the meaning of the PMWA.

91.     Pursuant to Defendants' compensation policies, rather than pay Tipped Employees the required minimum wage in Pennsylvania, Defendants took a tip credit and paid Tipped Employees only the tip-credit wage.

92.     At relevant times in the period encompassed by this Complaint, Defendants have a willful policy and practice of requiring Tipped Employees to surrender a portion of their tips to Defendants to cover cash shortages.

93.     As a result of the aforementioned policies, Defendants have a willful policy and practice of paying Tipped Employees less than the required cash component of $2.83 per hour as required under applicable Pennsylvania law.

94.     At relevant times in the period encompassed by this Complaint, Defendants have a willful policy and practice of failing to satisfy the notification requirements in order for Defendants to claim the tip credit.

95.     As a result of Defendants' willful practices, Defendants were not entitled to claim the tip credit and pay Plaintiffs and the members of the PA Class less than the Pennsylvania minimum wage for all hours worked.

96.     Defendants have violated and, continues to violate, the PMWA, 43 Pa. C.S.C. § 333.101 *et seq.*

97.     Due to the Defendants' violations, Plaintiff, on behalf of herself and the members of the PA Class, is entitled to recover from Defendants the amount of unpaid minimum wages, attorneys' fees and costs.

15

**THIRD CLAIM FOR RELIEF**
**PENNSYLVANIA WAGE PAYMENT COLLECTION LAW**
**(On Behalf of the PA Class)**

98.     Plaintiff, on behalf of herself and the members of the PA Class, realleges and incorporate by reference the paragraphs above as if they were set forth again herein.

99.     At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and each of the PA Class Members within the meaning of the WPCL.

100.     Pursuant to the WPCL, 43 Pa. S. § 260.1 *et seq.* Plaintiff and the members of the PA Class were entitled to receive all compensation due and owing to them on their regular payday.

101.     As a result of Defendants' unlawful policies, Plaintiff and the members of the PA Class have been deprived of compensation due and owing.

102.     Further, due to Defendants' policy of deducting amounts from the tips of Plaintiff and the PA Class to offset business losses/expenses, Plaintiff and the PA Class were subject to improper deductions from their compensation.

103.     Plaintiff, on behalf of herself and the members of the PA Class, is entitled to recover from Defendants the amount of unpaid compensation, and an additional amount of 25% of the unpaid compensation as liquidated damages.

**FOURTH CLAIM FOR RELIEF**
**PENNSYLVANIA COMMON LAW – UNJUST ENRICHMENT**
**(On Behalf of the PA Class)**

104.     Plaintiff, on behalf of herself and the PA Class Members, realleges and incorporate by reference the paragraphs above as if they were set forth again herein.

105.     Plaintiff and the members of the PA Class were employed by Defendants within the meaning of the PA State Laws.

106.     At all relevant times, Defendants had a willful policy and practice of denying Tipped Employees their full share of gratuities.

107.     During the class period covered by this Complaint, Plaintiff and Tipped Employees were subjected to unlawful deductions from their gratuities.

108.    Defendants retained the benefits of its unlawful deductions from the gratuities from Plaintiff and Tipped Employees under circumstances which rendered it inequitable and unjust for Defendants to retain such benefits.

109.    Defendants were unjustly enriched by subjecting Plaintiff and Tipped Employees to such unlawful deductions.

110.    As direct and proximate result of Defendants' unjust enrichment, Plaintiff and the members of the PA Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendants of the benefits conferred by Plaintiff and the PA Class.

111.    Plaintiff, on behalf of herself and the members of the PA Class, is entitled to reimbursement, restitution and disgorgement of monies received by Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Nationwide Collective Class and members of the PA Class respectfully requests the Court grant the following relief:

A.    Designation of this action as a collective action on behalf of the Nationwide Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

B.    Designation of the action as a class action under F.R.C.P. 23 on behalf of the PA Class;

C.    Designation of Plaintiff as representative of the Nationwide Collective Class and the PA Class;

D.    Designation of Plaintiff's counsel as class counsel for the Nationwide Collective Class and the PA Class;

E.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, PMWA, and PWPCL;

F.    An injunction against Defendants and their officers, agents, successors, employees,

17

representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

G.  An award of unpaid minimum wages to Plaintiff and the members of the Classes;

H.  Restitution of wages and gratuities improperly retained by Defendants;

I.  An award of liquidated damages to Plaintiff and members of the Classes;

J.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

K.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Date: May 5, 2014

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz, Esquire
Demetri A. Braynin, Esquire
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone:  (215) 364-5030
Facsimile:  (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III, Esquire
Robert J. Gray, Esquire
2200 Renaissance Blvd., Suite 308
King of Prussia, PA 19406
Telephone:  (610) 822-3700
Facsimile:  (610) 822-3800
Email: gwells@cwg-law.com
Email: rgray@cwg-law.com

Counsel for Plaintiff and the Proposed Class

18

## CONSENT TO BECOME A PARTY PLAINTIFF

1.      I, Irina Agurok, consent to sue as a Plaintiff in this action, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq.

2.      During the applicable period, I was an employee of Defendants and was not paid the mandated minimum wage for all hours worked.

3.      By my signature below, I hereby authorize counsel to prosecute the claims in my name and on my behalf, in this action, for Defendants' improper use of a tip credit and failure to pay minimum wages as required under federal law.


4/14/14
Date

_Irina Agurok_
Print Name

_[signature]_
Signature